UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE D. SNELLING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19 CV 951 RWS |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This matter is before me on defendants City of St. Louis (the "City"), Land Reutilization Authority ("LRA"), and Park Place Preservation, LP's motions to dismiss under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8. [ECF Nos. 17, 34, and 37]. The plaintiff, Lonnie Snelling, failed to meet his burden to state claims under 42 U.S.C. §1983, 42 U.S.C. §1985, or the Fifth and Fourteenth Amendments. Accordingly, I will grant the Defendants' motions to dismiss as to these claims. Because these were the plaintiff's only federal claims, I decline to exercise jurisdiction over the Plaintiff's state law claims and will dismiss them pursuant to 28 U.S.C. §1367(c)(3).

**BACKGROUND**

Snelling filed his complaint on June 7, 2019, pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 alleging violations of his civil rights. He also alleged a number

of state law claims. In total the complaint alleged twenty-two claims and named thirteen defendants. All of the claims stem from Snelling's real estate and property holdings in the City of St. Louis. Three motions to dismiss were filed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and failure to comply with Fed. R. Civ. P. 8. Service to the remaining defendants was stayed pending the outcome of the City's motion to dismiss.

## STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, I must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). I am not, however, bound to accept as true a legal conclusion couched as a factual allegation. Bell Atlantic Corporation v. Twombly, 555 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.C. 662, 667, 129 S.Ct. 1937, 1949 (quoting Twombly, 555 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93

(2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's obligation to provide the “grounds” of his “entitlement to relief” requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.” Twombly, 550 U.S. at 555. A complaint “must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.” Id. at 562 (quoted case omitted). This standard “simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element].” Id. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.” Bell Atlantic Corp., 550 U.S. at 556.

## STATEMENT OF FACTS

Snelling is a black citizen of St. Louis, who owns four parcels of real estate in predominantly black neighborhoods in the City. These properties are located at 5619-21 Maple Avenue, 5737 Cabanne Avenue, 3916 Lee Avenue, and 5039 Kensington Avenue. Snelling alleges that his interactions with the City, LRA, and Park Place Preservation, LP, regarding these properties resulted in violations of his civil rights. Based on Snelling’s complaint and construed in the light most favorable to him, the following events occurred between 2014 and 2018.

On October 3, 2014, one of the named defendants, Leon Reitz, broke into

Snelling's property at 5619-21 Maple Avenue. Snelling immediately called the St. Louis City Police and several police officer arrived at the property a little while later. One of the officers did a sweep of the property that lasted approximately ten minutes. According to the officer, the property was clear. The police officers then left. Based on the officer's assurance that the property was clear, the plaintiff entered the building to continue some maintenance work he had started earlier. He found the property in disarray. Additionally, while he was working, he heard footsteps on the second floor. When he went to investigate, he found Rietz. He again called the St. Louis City Police, who returned and apprehended Rietz. Despite evidence of vandalism, Reitz was only charged with trespass. As part of this case, Snelling brings state law claims against Reitz and the officers who responded.

From 2016 through 2018, Snelling had ongoing problems with the St. Louis City Police regarding his properties located at 5737 Cabanne Avenue and 3916 Lee Avenue. In 2016, Snelling installed an alarm system supplied by Simplisafe at 5737 Cabanne Avenue to prevent burglary. St. Louis City Ordinance #66264 required Simplisafe obtain a permit with the city. The permit costs twenty-five dollars, which Simplisafe billed to Snelling. The permit allowed the alarm company to notify the St. Louis City Police directly when there was a security breach. By November 2016, the property was having as many as three security breaches a month. When the police responded to these breaches, it took them on average thirty minutes to arrive to the

scene. The police continued to respond to the alarm company's calls until December 2016 when Snelling was cited for two false alarms at the 5737 Cabanne Avenue property. Pursuant to City Ordinance #66264, the City suspended the property's alarm permit and stopped responding to alarms at the property. While the permit was suspended the property on Cabanne Avenue was burglarized. Snelling had a similar experience at his property on Lee Avenue. He purchased and permitted an alarm system at that property in late 2017 or early 2018. In 2018, the permit for the property on Lee Avenue was suspended and Snelling was fined for two false alarms. Snellings says he was not notified of the fine or suspension. The St. Louis City Police have refused to respond to alarms at that address since 2018.

Snelling also had issues at his property at 5039 Kensington Avenue. In 2017, the property was damaged by a contractor working on a neighboring property, 5037 Kensington Avenue, which is owned by the LRA, an agency of the City of St. Louis. The LRA was established by statute by the State of Missouri to return non-revenue or -tax producing land to effective utilization in order to provide housing, new industry, and jobs for the City. The LRA hired Cheyenne Construction, which is owned by Willie C. Hemphill, to demolish buildings located at 5037 Kensington Avenue. During demolition, Cheyenne Contracting damaged Snellings property at 5039 Kensington Avenue. The building located at 5039 Kensington Avenue was struck by a bulldozer and partially collapsed. Snelling was then issued a citation for

a violation of City Building Code, City Ordinance #66857 for damage Snelling claims was caused by Cheyenne Contracting and criminals.

According to Snelling, another one of his properties had previously been damaged by one of Hemphill's companies. As a result, Snelling sued Hemphill and his company Apostle Wrecking and Excavating in Missouri state court, which resulted in a default judgment against Hemphill and his company. The default judgment, however, was for a nuisance claim. [ECF No. 2, Exhibit 16].

Finally, Snelling had a conflict with several defendants surrounding personal property he purchased and gave to his ex-wife, who is now deceased. According to Snelling, he and his ex-wife entered into a verbal contract on May 8, 2016, granting him her interest in the property he purchased for her. The conversation was triggered by her diagnosis with terminal cancer. After his ex-wife passed away, Snelling tried to retrieve his property from her apartment. But her children, who are named defendants, refused to let him take the property and called the police. The police then searched Snelling's bag, returned its contents to the defendants, and made him leave the property. Snelling was never able to obtain the property.

## DISCUSSION

### A. Fed. R. Civ. P. 8

Defendants City of St. Louis and Park Place Preservation, LP moved to dismiss the plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8 because

"the wide ranging allegations, many of which appear to have no connection to each other, impose an unnecessary burden on defendants…" [ECF No. 17 at 8]. Although the complaint is fifty pages long and contains voluminous exhibits, it is organized by count in numbered paragraphs. Additionally, the plaintiff expressly lists the defendants against whom he is requesting judgment. Unlike cases in which courts have dismissed claims for failure to meet the standards of Fed. R. Civ. P. 8, this complaint is not so disorganized, vague, or ambiguous as to be unintelligible. See Cf. Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 439 (8th Cir. 1983) (affirming dismissal of a 98-page pro se complaint, the "style and prolixity" of which "would have made an orderly trial impossible."); Smith v. Republic Servs., Inc., 2017 WL 4038143, at *3 (E.D. Mo. Sept. 13, 2017) (dismissing complaint under Rule 12(b)(6), noting it violated Rule 8(a) because it did not contain numbered paragraphs, was "overly wordy with an incomprehensible pattern of capitalized and not capitalized words," and failed to clearly identify each defendant by name and articulate specific facts about that defendant's wrongful conduct). Accordingly, the motion to dismiss under Fed. R. Civ. P. 8 is denied.

B. Fed. R. Civ. P. 12(b)(6)

Defendants City of St. Louis, LRA, and Park Place Preservation also seek to dismiss Snellings claims against them under Fed. R. Civ. P. 12(b)(6). These claims include all of Snelling's federal law claims and several state law claims against

defendants City of St. Louis and Park Place, LP. I will begin my analysis with the plaintiff's federal claims.

*(1) 42 U.S.C. § 1983*

In order to state a claim under 42 U.S.C. § 1983, the plaintiff must allege "that the defendants (1) acted under color of state law and (2) that the alleged wrongful conduct deprived plaintiff of a constitutionally protected federal right." Schmidt v. City of Bella Villa, 557 F.3d 563, 571 (8th. Cir. 2009). Additionally, to state a claim for municipal liability, "a plaintiff must plead facts demonstrating that the defendants violated a constitutional right either 'pursuant to official municipal policy' or as part of 'a custom or usage with the force of law.'" Kelly v. City of Omaha, Neb., 813 F. 3d. 1070, 1075 (8th Cir. Feb. 18, 2016)(quoting Ware v. Jackson Cty., Mo., 150 F.3d 873, 880 (8th Cir.1998)).

*(a) Failure to Protect*

In Counts IV and V of the Complaint, the plaintiff alleges that the City violated his right to due process under the Fifth and Fourteenth Amendments by failing to protect his property when it stopped responding to alarms triggered at two of his properties.[1] [ECF No. 2, Counts IV and V]. Under City of St. Louis Ordinance

[1] In his response to defendant City of St. Louis's Motion to Dismiss [ECF No. 29], the plaintiff asserted several new theories of recovery under 42 U.S.C. §1983. Specifically, he alleged the City of St. Louis violated his constitutional right to contract and several rights under the Missouri Constitution. Since these new theories were not introduced in the plaintiff's complaint and the plaintiff did not file a motion to amend his complaint, he cannot rely on them to support these claims. *See* Fed. R. Civ. P. 12(d). Even if they could be used, they are not persuasive. First, 42

#66264, the City may suspend the alarm system permit of any property that has been cited for false alarms. While a property is under suspension, the St. Louis City Police will only respond to an alarm if a person onsite at the property calls the police after investigating and determining the alarm is valid. Per the ordinance, the standard suspension is one month.

According to the information provided by Snelling, he was cited for two false alarm violations at both his 5737 Cabanne Avenue and his 3916 Lee Avenue properties. Pursuant to these violations, the city suspended the alarm system permit for both properties. Although the plaintiff demonstrated that these actions were taken pursuant to a City policy, specifically Ordinance #66264, the plaintiff did not show that he was deprived of a constitutionally protected federal right. Snelling claims the police failed to protect his property, but there is no constitutional right to State protection. "[The Due Process Clause] forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 195 (1989). In fact, "[n]othing in the

---

U.S.C. § 1983 does not extend to state constitutional rights. Second, the plaintiff's argument regarding his freedom to contract ignores the plain language of St. Louis City Ordinance # 66264, which provides for fines and suspension of permits if there is a false alarm. *See* St. Louis, MO Ordinance 66246, Section Nine: False Alarms.

language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." Id.

There are two exceptions where a state has an affirmative duty to protect an individual or their property from third parties,[2] but they do not apply in this case. The exceptions are for cases in which the State is in a custodial relationship with the plaintiff or where the State created the danger. O'Grady v. City of Ballwin, 866 F. Supp. 2d. 1073, 1078 (E.D.MO 2012). Snelling is clearly not in the city's custody, so the custodial exception does not apply. Additionally, Snelling makes no claim that the city created the danger that led to his property damage. Therefore, Snelling's §1983 claim for failure to protect his property must be dismissed.

*(b) Negligent Hiring*

In Count X of his complaint, the plaintiff brought a claim against LRA under 42 U.S.C. § 1983 for the negligent hiring of Cheyenne Contracting, which is owned by Defendant Willie Hemphill. [ECF No. 2, Count X]. According to Snelling's complaint, Cheyenne Contracting caused damage to his property at 5039 Kensington Avenue, while it was demolishing buildings on the LRA's property next door at 5037 Kensington Avenue. Snelling claims the LRA's decision to hire Cheyenne

[2] If the State is in a custodial relationship with the plaintiff or the State created the danger, then it can be held liable for a failure to protect. *O'Grady v. City of Ballwin,* 866 F. Supp. 2d. 1073, 1078 (E.D.MO 2012). Snelling does not present any facts that would indicate one of these exceptions apply. [ECF No. 2, Counts IV and V].

Contracting caused the damage to his property in violation of his Fifth and Fourteenth Amendment Rights.[3]

"[I]n the context of a single, facially lawful hiring decision, the [Supreme] Court adopted stringent culpability and causation requirements, noting that '[a] showing of simple or even heightened negligence will not suffice.'" Morris v. Crawford County, 299 F.3d 919, 923 (8th. Cir. 2002) (quoting Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 407 (1997)). Rather, the plaintiff must allege that the municipal agency acted with deliberate indifference. See Id. at 922. "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 410, 117 S. Ct. 1382, 1391, 137 L. Ed. 2d 626 (1997). Specifically, the plaintiff must allege that "adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire

---

[3] Snelling also claims the damage to his property is in violation to Article 1, § 10 of the Missouri Constitution, but 42 U.S.C. §1983 does not apply to state constitutional rights. Additionally, Snelling appears to make an assertion of conspiracy under 42 U.S.C. §1983. In order to assert a claim of conspiracy under 42 U.S.C. §1983, the "plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)(citation omitted). Snelling, however, does not provide any fact to demonstrate a conspiracy between the LRA and Cheyenne Construction. The only fact Snelling provides is the contract between LRA and Cheyenne Construction for the demolition of the buildings at 5037 Kensington Avenue. This is not enough to demonstrate a conspiracy to deprive Snelling of his constitutional rights. *See* Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010).

the applicant would be the deprivation of a third party's federally protected right and the official's failure to adequately scrutinize the applicant's background constitutes 'deliberate indifference.' " Id. at 411, 117 S.Ct. 1382.

In this case, Snelling must allege that the LRA "disregarded a known or obvious consequence" of hiring Cheyenne Contracting. But Snelling fails to allege facts sufficient to show the LRA knew Hemphill had previously damaged property during the course of demolition work. Snelling does not allege that Cheyenne Contracting has a past record of property damage, but rather alleges that a different company owned by Hemphill damaged his property in the past. Snelling supports this allegation by providing a default judgment order for nuisance against Hemphill, individually and as the owner of Apostle Wrecking and Excavating. [ECF No. 2, Exhibit 16]. But a nuisance claim does not require a showing of property damage or trespass. It is, therefore, insufficient to allege that damage to a neighboring property was a "known or obvious consequence" of the LRA's hiring decision. Accordingly, the complaint fails to state a claim and must be dismissed.

*(c) Civil Conspiracy*

In his complaint, the plaintiff alleges in Count XVIII[4] that the City conspired with several other individual defendants to deprive him of his Fourth Amendment

[4] In its motion to dismiss, the City mistakenly references Count XVII when discussing the civil conspiracy claim. But it is clear from the City's citation to specific paragraphs in the second amended complaint that it is addressing Count XVIII. [ECF No. 18 at 6].

right to be free from unlawful search and seizure. According to the plaintiff, the defendants Betty Williams, Teresa Morrow, and David Love called the police when he tried to retrieve his personal property located at his ex-wife's apartment. The responding officer searched Snellings bags, seized the knifes that were in the bag, and instructed him to leave the premises. The plaintiff was never able to retrieve his property from the apartment.

In order to state a claim for conspiracy under 42 U.S.C. § 1983, the "plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008) (citation omitted). The first element "requires allegations of specific facts tending to show 'meeting of the minds' among the alleged conspirators." Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010).

Although Snelling presents facts that an officer of the St. Louis Police department searched and seized his property, he does not allege any facts tending to show a meeting of minds between the officer and the other defendants. According to the facts provided in the complaint, the officer merely responded to a call. This is insufficient to show a "meeting of minds." Additionally, Snelling fails to allege sufficient facts supporting municipal liability for the actions of the officer. Snelling

failed to allege the existence of a City policy or custom that could be the cause of this alleged harm. Accordingly, this claim must be dismissed.

*(2) Fifth and Fourteenth Amendment*

Snelling's final federal law claims involve the constitutionality of St. Louis Ordinance #66857. The ordinance pertains to the enforcement of building code violations. According to Snelling, the ordinance, as applied to him, violates the due process clauses of the Fifth and Fourteenth Amendments because it deprived him of his property without due process of the law. In Count VII, Snelling alleges that the fines he was charged for violations of the City Building Code were issued without due process.[5] In Count XXI, Snelling alleges that St. Louis Ordinance #66857 is unconstitutional as applied to him because the city failed to protect the neighborhood from criminals and the damage was caused in part by the City's own negligence.

As discussed earlier, the Fifth and Fourteenth Amendment Due Process Clauses, do not create an affirmative duty for the State to protect its citizens. See DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 195 (1989), Montgomery v. City of Ames, 749 F.3d 689, 694 (8th. Cir. 2014). Accordingly, the plaintiff's claim that the Ordinance is unconstitutional because the violations were caused by the City's failure to protect his property do not state a claim.

[5] Snelling also claims the second set of violations were barred by res judicata and collateral estoppel. These claims are unpersuasive because although the violations sited were identical, they were issued based on different inspections that occurred on different dates.

Similarly, the plaintiff's claim that the Ordinance violates his due process rights because he was deprived of his property without due process of the law must fail. The factual allegations presented by the plaintiff are not sufficient to state a claim for relief.[6] The plaintiff alleges no specific violations of his due process rights. Although, Snelling provides two Notices of Violation issued under St. Louis Ordinance #66857 and a judgment from an appeal of a third violation to support his claim, he does not allege any facts indicating he was not afforded due process in these instances. Instead, he merely makes conclusory statements asserting his property was taken without due process of the law. Conclusory statements without more are not enough to state a claim for relief. See Twombly, 555 U.S. 544 (2007). Accordingly, these claims must be dismissed.

*(3) State Law Claims*

Because only state law claims remain in this matter, I will decline to exercise supplemental jurisdiction over them and will dismiss them pursuant to 28 U.S.C. § 1367(c)(3).

---

[6] To the extent this claim is intended to be brought under 42 U.S.C. §1983, it must be dismissed. Not only did the plaintiff fail to allege that his due process rights were violated, he also failed to exhaust state remedies. Failure to exhaust state remedies precludes relief for due process claims under 42 U.S.C. § 1983. See Wax 'n Works v. City of St. Paul, 213 F.3d 1016, 1019 (8th. Cir. 2000). Although Snelling appears to have appealed at least one Notice of Violation issued under City of St. Louis Ordinance #66857, it is not evident that he appealed the two Notices of Violation that serve as the basis of the claim. [ECF No. 2, Exhibits 12 and 14]. The judgement from the state court provided as Exhibit 13 to the complaint refers to an administrative decision made on June 25, 2018, but the two Notices provided are dated October 31, 2018 and January 29, 2019, respectively.

Accordingly,

**IT IS HEREBY ORDERED** that defendants City of St. Louis, Land Reutilization Authority, and Park Place Preservation, LP's motions to dismiss, [ECF Nos. 17, 34, and 37], are **GRANTED** in part and denied in part as stated above.

**IT IS FURTHER ORDERED** that I decline to exercise supplemental jurisdiction over the remaining state law claims in this matter and this case is hereby **DISMISSED** without prejudice.

An Order of Dismissal will accompany this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October 2019.