UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE D. SNELLING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19 CV 951 RWS |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before me on the Plaintiff Lonnie Snelling's Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e). For the reasons set forth below, I will deny the Plaintiff's motion.

## BACKGROUND

On June 7, 2019, Snelling filed a complaint alleging violations of his civil rights under 42 U.S.C. §§ 1983, 1985, and 1986. Additionally, his compliant included a number of state law claims. In total, the complaint contained twenty-two claims against thirteen defendants. All of the claims stem from Snelling's real estate and property holdings in the City of St. Louis. Three motions to dismiss were filed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and failure to comply with Fed. R. Civ. P. 8. Service to the remaining defendants was stayed pending the outcome of the City's motion to dismiss.

1

On October 24, 2019, I entered an order dismissing Snelling's federal claims and declining to exercise jurisdiction over his state law claims. Snelling then filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

## LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a court may alter or amend a judgment. The Rule serves the "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations and citations omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

## DISCUSSION

Although, Snelling raises a number of issues in his Rule 59(e) motion, as I explain below, he has not demonstrated a manifest error of law or fact. He does not raise any issues that have not already been considered or show a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Instead Snelling relitigates issues already addressed in my previous order. A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) is not the appropriate vehicle for this type of challenge.

# I. 42 U.S.C. § 1983 - FAILURE TO PROTECT CLAIM

Snelling first argues the I incorrectly analyzed his claim for failure to protect his property. He appears to make two separate arguments. His first argument is that I incorrectly relied on case law that pertains to states rather than municipalities. His second argument is that I incorrectly held that the city was not liable.

Snelling's first argument must fail. Although I cited cases and quoted language that refer to states rather than municipalities, they were used to define the scope of the Due Process Clause, not the scope of municipal liability. The scope of the Due Process Clause does not change based on the actor, so relying on this case law is not inappropriate. Additionally, although the language I cite from the cases referred to states' obligations under the Due Process Clause, the parties were actually municipalities or municipal agencies. See ECF No. [48] at 10-12.

Snelling's second argument must also fail. Rule 59(e) motions serve the limited purpose of correcting manifest errors of law. Innovative Home Health Care, 141 F.3d at 1286. Snelling's general challenge to my decision is not sufficient to establish manifest error. Accordingly, Snelling's Rule 59(e) motion, as it pertains to his failure to protect claim, must be denied.

## II. 42 U.S.C. § 1983 – NEGLIGENT HIRING CLAIM

Snelling next challenges my decision dismissing his 42 U.S.C. § 1983 negligent hiring claim. Specifically, Snelling argues I did not properly consider Plaintiff's Exhibit 16 and that my failure to allow discovery tied his hands.

Snelling's challenge to my decision regarding his negligent hiring claim does not demonstrate a manifest error of law or fact. In his amended complaint, Snelling did not allege a history of property damage by Willie Hemphill Jr. or Cheyenne Contracting. ECF No. [2] at ¶ 98-106. In fact, Snelling did not cite to Exhibit 16 in his negligent hiring claim at all. Instead he connected it to the claim in his response to Land Reutilization Authority's motion to dismiss. ECF No. [46] at 2. In his response he did not allege additional facts but stated that Exhibit 16 "indicates that defendant LRA had notice of defendants Willie C. Hemphill Jr. owner d/b/a Apostle Wrecking and Excavation, and aka Apostle Demolition & Excavating, propensities to damage Plaintiff's property while demolishing property owned by defendant LRA more than eleven years ago!" ECF No. [46] at 2. This statement isn't sufficient to establish LRA should have been on notice of Hemphill's alleged history of property damage. Particularly in light of the fact that Exhibit 16 is a default judgment for nuisance, which under Missouri law does not require a showing of property damage. See Frank v. Environmental Sanitation Management, Inc., 687 S.W.2d 876, 880 (MO Banc 1985). So, even if the LRA

reviewed Hemphill's litigation history, they would not have been alerted of a history of property damage. Accordingly, Snellings motion to alter or amend my judgment as to the negligent hiring claim must be denied.

Finally, I want to make two additional notes. First, to extent Snelling's claim for negligent hiring is addressed to LRA as a property owner, rather than an agency of a municipality, it is a state law claim, ECF No. [50] at 6, over which I declined to exercise jurisdiction. See ECF No. [48] at 15-16. Second, Snelling's argument that his hands were tied because the court stayed service and discovery regarding the unnamed defendants is unpersuasive. At the motion to dismiss stage the Court does not consider factual matters outside of the pleadings. See McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007), Zean v. Fairview Health Services, 858 F.3d. 520, 526 (8th Cir. 2017). Based on these factual allegations, Snelling did not state a claim for negligent hiring.

### III. 42 U.S.C. § 1983 – CIVIL CONSPIRACY

Snelling then challenges my decision regarding his claim for civil conspiracy under 42 U.S.C. § 1983. Snelling first points out a few factual mistakes I made in my memorandum and order. Specifically, he notes that I mistakenly referred to Teresa Morrow as one of his ex-wife's children, when in fact she is not; that I implied multiple people called the police on the day in question when in fact only Teresa phoned the police; and finally that the plaintiff did not purchase and

5

give any of the property to his ex-wife as I stated, but merely purchased and housed the property with her. ECF No. 50 at 5-6 and ECF No. [2] at ¶ 129-146.

Although Snelling correctly points out these mistakes, they do not establish a manifest error of law or fact. The errors do not change the fact that Snelling failed to state a claim for conspiracy. The key facts he plead were that on July 12, 2016, while he was trying to retrieve property he kept at his late ex-wife's apartment, Teresa called the police to have him removed from the apartment and then when the police arrived, she and Betty encouraged the officer to search and seize his bag. ECF No. [2] at ¶ 129-146. Without more these facts do not sufficiently allege a conspiracy under 42 U.S.C. § 1983. In order to successfully plead a conspiracy, the plaintiff must allege specific facts "tending to show a 'meeting of minds' among the alleged conspirators." Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010). Teresa calling the police and urging the responding officer, along with Betty, to search Snellings bag, are not, taken together, sufficient to establish a meeting of the minds between the alleged conspirators. Accordingly, the motion to alter or amend the judgment as to this claim is denied.

## IV . FIFTH AND FOURTEENTH AMENDMENT CLAIMS

Finally, Snelling challenges my decision regarding his fifth and fourteenth amendment challenges to St. Louis Ordinance #66857. In particular he alleges that

my memorandum and order accepted the pleadings of the city verbatim and misrepresented his claims.

These challenges do not present manifest errors of law or fact. To the extent my Memorandum and Order is similar to the City's pleadings, it is because the city cited relevant precedent. Additionally, Snelling's pleading failed to allege facts that indicate he was denied due process. He provides a number of factual allegations detailing the building code violations he has received and why they are invalid, ECF No. [2] at ¶73-79, but provides no factual allegations regarding the violation of his due process rights. The only allegations he provides regarding the constitutionality of the ordinance or violations of his due process rights are conclusory statements and do not properly allege due process violations. Accordingly, Snelling's Rul3 59(e) motion regarding these claims is denied.

## CONCLUSION

Since Snelling failed to demonstrate a manifest error of law or fact, his motion to alter or amend my judgment pursuant to Fed. R. Civ. P. 59(e) is denied.

Accordingly,

**IT IS HEREBY ORDERED** Snelling's motion for an altered or amended judgment, ECF No. [50], is **DENIED.**

                                                                                    RODNEY W. SIPPEL
                                                                                    UNITED STATES DISTRICT JUDGE

Dated this 9th day of December 2019.